Labatjve, J.
In March, 1863, plaintiff sold defendant twelve bales of cotton for $3,143. The plaintiff admitting payment in part, claims a balance of $2,000, with interest, from May 11th, 1863.
The defendant, in his answer, admits that he was indebted to the plaintiff in the sum of $1,743, and that as security for the payment of the same, he gave to the plaintiff certain orders for sugar and molasses, as set forth in plaintiff’s petition. That subsequently to the delivery of said orders, and before the removal of the sugar and molasses, and the commencement of this suit, he paid to plaintiff said sum, and removed said sugar and molasses in his own right.
The District Court, after hearing the testimony, gave judgment for plaintiff for $1,123 60, with interest from May 11th, 1863. The defendant appealed.
Defendant’s counsel have presented to us but one question: “Whether payment was made, is the only question in this case.”
*254 The testimony shows that on the 20th April, 1863, the parties had a settlement, and the defendant owed a balance to plaintiff amounting to $1,123 65. That about one month thereafter, the defendant was asked to pay; he then gave to the plaintiff as security for said debt, several orders upon planters and others, for sugar and molasses; there were three orders; the defendant was to pay this balance in twenty days, which being done, the orders were to be returned to him; and, if not paid within twenty days, the plaintiff was to take the sugar and molasses mentioned in the orders which were left in the possession of'one Adolphe Hébert for safety. This Adolphe Hébert, depositary of said orders, was authorized by plaintiff to receive the money, if paid within the said delay of twenty days. About a month after these orders had been deposited with Hébert, the defendant went to said Hébert’s store, and said to him that the plaintiff had offered him (the defendant) $200 for a gold watch and chain, which he left with Hébert, and also $125 in bills of Bank of Louisiana. From that time to August 18th, 1863, the defendant paid at different times to Hébert, the said balance due the plaintiff; this payment was made in bank-bills of Bank of New Orleans, Louisiana State Bank, and United States treasury notes and New Orleans city notes.
The defendant, and A. Hébert and Brother, were in account current, and on the 18th August, 1863, they had a settlement, and the balance $1,123 65, due by defendant to plaintiff, was charged in this settlement in favor of A. Hébert and Brother, against the defendant. It is evident that after the expiration of the twenty days allowed the defendant tp pay plaintiff, said Hébert, who had been authorized to receive, had no authority to receive money from the defendant for plaintiff, and the question is whether or not the plaintiff ratified the acts of said Hébert.
It is contended by the defendant that this ratification results from .the following testimony of A. Hébert, who states:
“In October, 1863, Mr. Delaney and myself had a talk about trading together, and I said to him I could not sell goods except for cash; his answer was to me: ‘ You must have money enough in your hands to satisfy what I would like to purchase from you. ’ I had frequently said to him that I had in my hands money from Levi, the defendant, and when he came this time to buy goods, he said: ‘Have you not money from Levi, enough to secure you?’ I sold him two different lots, at different dates, to the amount of $367 73. I made the remark that, besides the selling of goods, he must settle with me for collecting that debt of Levi; he said that is all right, and he would see me justified in the case. I sold the goods in October, to Mr. Delaney at his suggestion, that I had sufficient money in my hands belonging to him collected of Levi, which money was ample security for what he wanted to buy, He then said he had a great notion of taking the" $498. 65 in treasury notes and city notes. When I received the money from Levi, I considered it current money, and received it as such * * * * * * *
On cross-examination, he says:
“When I sold him the goods, in reference tó the matter of security, I alluded to the whole amount in my hands, the watch and all. I did not specify the watch. At this time bank-bills of New Orleans were at a discount, except Louisiana State Bank, which were wortli par. Two or *255 three months prior to this, and always, Delaney refused the watch and uncurrent money. In selling Delaney th'e'goods, I trusted him on the Lovi claim, and did not limit him to the treasury and city notes. When I told Mr. Delaney that I wanted him to pay me for collecting that debt, I alluded to that part of it paid before April 20th, and had no allusion to the rest of it.
“I thought the matter was settled, if Delaney had accepted of the money. Delaney at once, and all the time, refused to ratify the settlement. He had authorized me to collect the debt of Levi, if paid in twenty days; if not, to get the sugar and molasses. No portion of the debt was paid within twenty days after the orders were given for the sugar and molasses, that is, no portion of the $1,123 65, balance due May 11th, but a portion was paid a few days after the twenty days had expired. When I received the money from Levi, I considered it more as a deposit than anything; I thought it was for the debt due to Delaney, if he would accept it. ”
We are of opinion that this testimony establishes a ratification of the payment made by the defendant to A. Hébert. It is evident that the plaintiff obtained goods upon the faith and credit of the money thus paid to, and in the hands of Hébert, who -sold him the goods. If he regarded this money as belonging to the defendant, and not to him, he had no right to tell Hébert, in asking goods on credit: “Have you not money from Levi, enough to secure you ?” It was upon this suggestion that Hébert sold him goods to the amount of §367 73. It is evident that he looked upon, and treated the money in the hands of Hébert, as his own money.
It is therefore, ordered adjudged and decreed, that the judgment appealed from be annulled and reversed, and it is further ordered and decreed, that the plaintiff’s demand be rejected, and that he pay costs in both courts.